## 10661

### THE PEOPLES NATIONAL BANK v. BARNES *ET AL.*

(107 S. E. 918)

Mortgages—Deed Held Given Merely as Security.—In an action on notes, where only question was that of payment, and only way payment could have occurred would be to construe deed as an absolute conveyance, evidence *held* to show that the deed was merely given as security for the note.

Before Bowman, J., Hampton, ——, 1920. Affirmed.

Action by The Peoples National Bank of Charleston against W. D. Barnes, J. L. Folk and others. From a directed verdict for plaintiff the defendants appeal.

*Mr. George Warren,* for appellants, cites: *Defendants being secondarily liable were discharged by agreement be-*

*tween holder of notes and Moore*: 29 Stats. 686; C. J. par. 636; 25 S. E. 550; 78 Va. 1; 2 Bail. 551; 4 S. C. L. 98.

*Mr. Randolph Murdaugh,* for respondent, cites: *Deed was properly construed as a mortgage*: 21 S. C. 392; 92 S. C. 501; 55 S. C. 70; 103 S. C. 251. *Acceptance of collateral security for old paper does not extend time for payment, in absence of agreement*: 8 C. J. 433.

June 30. 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a judgment entered upon a directed verdict by His Honor, Judge Bowman, in favor of the plaintiff against the defendants. The ground of motion, which was granted by his Honor at the close of the testimony, was, plaintiff's counsel—
"asks for a directed verdict, as the only question in this case is a question of payment, and the only way payment could have occurred would be to construe the deed in question as an absolute conveyance, and not as a mortgage. The testimony in this case is absolutely undisputed that between the grantor and grantee that it was nothing but security."

This motion was granted by his Honor for the full amount claimed. Appellants appeal and by four exceptions impute error. The exceptions are overruled. The notes were dated and due in 1912, and, it is admitted, received by plaintiff in due course of business and for value. The deed introduced in evidence was given in 1916, four years after execution and delivery of notes sued on. The undisputed evidence shows that it was on additional security. Both Mr. Rhett and Mr. Moore say the deed was intended as a mortgage. Both grantor and grantee say it is a mortgage; no other inference can be drawn from the evidence but that this is true.

The exceptions are without merit and judgment affirmed.